Filed 3/16/26  P. v. Jimenez CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

|  |  |
|---|---|
| THE PEOPLE,<br><br>　　Plaintiff and Respondent,<br><br>v.<br><br>JUAN ABEL JIMENEZ,<br><br>　　Defendant and Appellant. | 2d Crim. No. B343424<br>(Super. Ct. No. 2022010526)<br>(Ventura County) |

　　Appellant appeals a judgment following his conviction for corporal injury to a dating partner (Pen. Code,[1] § 273.5, subd. (a)) (count 1), assault with force likely to produce great bodily injury (§ 245, subd. (a)(4)) (count 2), and false imprisonment by violence (§ 236) (count 3).  The trial court sentenced appellant to an aggregate prison term of seven years and eight months.  Appellant claims count 2 and count 3 "should have been stayed pursuant to [section] 654 because" they "were part of the same factual basis as" count 1.

---

　　[1] All statutory references are to the Penal Code unless otherwise stated.

We conclude that the trial court did not err, as each count involved a separate act with a different risk of harm to his victim authorizing an individual sentence for each crime. We will affirm.

FACTS

N.R. was appellant's girlfriend. She lived with him in his parent's home. On April 30, 2022, N.R. and appellant had an argument. N.R. did not want to continue her relationship with appellant because "it wasn't very healthy for" her daughter.

Appellant became angry. It started to "get physical," and they began to shove each other. N.R. wanted to leave but appellant told her not to. He took her car keys and her phone. Appellant grabbed N.R.'s wrists to prevent her from leaving and she spit at him.

Appellant pushed N.R. down on a bed, got on top of her, and choked her. She was not able to breathe. N.R. confirmed that she felt "pain" as he was "choking" her. Appellant left scratch marks on her neck. He next grabbed N.R. by the hair, pulled her off the bed, and kicked her twice on the side of her stomach.

The People charged appellant with corporal injury to a dating partner, assault with force likely to produce great bodily injury, and false imprisonment by violence. The People alleged a special allegation that he committed these crimes while he was out on bail for other offenses. (§ 12022,1, subd. (b).) He pled not guilty and denied the special allegation. After a jury trial, the jury found him guilty of the three charged offenses in counts 1, 2 and 3. The court found the special allegation to be true.

The trial court sentenced appellant to an aggregate prison term of seven years and eight months. It imposed a four-year sentence on count 1, a one-year consecutive sentence on count 2,

an eight-month consecutive term on count 3, and a consecutive two-year term for the out on bail allegation.

DISCUSSION

"'Section 654 prohibits multiple punishment for an indivisible course of conduct . . . .'" (*People v. Felix* (2001) 92 Cal.App.4th 905, 915.) "But multiple crimes are not one transaction where the defendant had a chance to reflect between offenses and each offense created a new risk of harm." (*Ibid*.) "'Whether a course of criminal conduct is divisible and therefore gives rise to more than one act within the meaning of section 654 depends on the *intent and objective* of the actor.'" (*People v. Latimer* (1993) 5 Cal.4th 1203, 1208.) A trial court's findings must be upheld on appeal if supported by substantial evidence. (*People v. Brents* (2012) 53 Cal.4th 599, 618.)

The trial court found the three counts involved separate acts and separate threats of violence. The People correctly note that "each of appellant's acts of violence created a new risk of harm to N.R." The record shows that each offense involved separate acts of violence against the victim with separate injuries.

For corporal injury, appellant grabbed N.R. by her hair and kicked her twice in her ribs. For assault with force likely to produce great bodily injury, he choked her to the point where she could not breathe. For imprisonment by violence, appellant grabbed N.R.'s wrists, and told her not to leave after grabbing her phone and keys. The trial court could reasonably find that appellant had a chance to reflect between these offenses. These were divisible different acts that exposed N.R. to different types of physical and emotional harm. "[T]here is no legal or logical bar to separate punishment where" each of the defendant's acts were "*volitional, criminal and occasioned by separate acts of force.*" (*People v. Harrison* (1989) 48 Cal.3d 321, 338.) "Defendant

3

should . . . not be rewarded where, instead of taking advantage of an opportunity to walk away from the victim, he voluntarily resumed his . . . assaultive behavior.' [Citation.]" (*People v. Trotter* (1992) 7 Cal.App.4th 363, 368.)

Appellant cites a prosecutor's comments at the preliminary hearing. He notes the prosecutor said counts 1 and 2, "apply to the same conduct. . . . These are alternative theories for the same conduct and they both have separate elements, I think." He claims the trial court was bound by these remarks. The People claim the prosecutor's earlier remarks were incorrect. The "statement was made long before trial" and it was "not binding on the court in determining" from the evidence at trial "whether divisible offenses occurred for section 654 purposes." The People are correct. "In determining whether [section 654] applies, the trial court is entitled to make any necessary factual findings" from the evidence at trial and is not bound by the earlier statements of a prosecutor. (*People v. Leonard* (2014) 228 Cal.App.4th 465, 500.) There was no error.

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED.

CODY, J.

We concur:


YEGAN, Acting P. J.          DEROIAN, J.*

---

* Judge of the Superior Court for Santa Barbara, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

4

Catherine Voelker, Judge

Superior Court County of Ventura

_____

Marta I. Stanton, under appointment by the Court of
Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief
Assistant Attorney General, Susan Sullivan Pithey, Senior
Assistant Attorney General, and Scott A. Taryle, Deputy
Attorney General, for Plaintiff and Respondent.